UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SYBIL TURNER | CIVIL ACTION |
| VERSUS | NO. 08-3787 |
| WINN DIXIE, MONTGOMERY, INC. | SECTION: "C" (1) |

### ORDER AND REASONS

This removed matter comes before the Court on the issue of whether the jurisdictional amount existed at the time of removal. Plaintiff, Sybil Turner (hereinafter "Plaintiff"), filed a suit for damages in the 24th Judicial District Court for the Parish of Jefferson. Defendant, Winn Dixie Montgomery, Inc. (hereinafter "Winn Dixie") filed a Notice of Removal on June 24, 2008 based on diversity. Plaintiff argues that the required amount in controversy did not exist at the time of removal. Having reviewed the record, arguments of the parties and the law, the Court has determined that remand is appropriate for the following reasons.

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Additionally, bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 685 (1994). Instead, the

1

Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as the one at bar. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).

In order to remain in federal court, the removing party must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.* It is the recognized burden of the party invoking jurisdiction, the defendant in this case, "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938) (citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936)); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).

Plaintiff argues the defendant has failed to meet his burden of proving that the amount in controversy exceeds $75,000 at the time of removal. (Rec. Doc. 10). Defendant only cites two pieces of evidence in support of removal. (Rec. Doc. 9). First, that plaintiff's state court petition stated that the claims exceeded $50,000. Second, that plaintiff at the time of removal had four treating physicians and a herniated disc. There is no evidence of the amount in damages usually associated with such an injury or that plaintiff required surgery. Such evidence is insufficient to establish that the amount in controversy exceeded $75,000 at the time of removal.

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly

2

construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir.1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir.1979); C. Wright, A. Miller & E. Cooper, 14B Federal Practice & Procedure: Civil, § 3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C Federal Practice & Procedure: Civil, § 3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Twenty-Fourth Judicial District for the Parish of Jefferson, State of Louisiana for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 20th day of January, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE